MEEKER COUNTY BANK *vs.* AUSTIN H. YOUNG, as Receiver, etc., *et al.*

Argued Oct. 11, 1892. Decided Nov. 11, 1892.

Transfer of Debt Carries Securities.

> When a party indorses and transfers to another a negotiable promissory note secured by mortgage upon real property, he, as between the parties, transfers the debt, and equitably assigns the security, although both debt and security exist in a different form from what the parties to the transaction supposed.

Appeal by defendant Austin H. Young, as receiver of Stevens & Co., from an order of the District Court of Meeker County, *Powers,* J., made April 19, 1892, overruling his demurrer to the complaint.

This action was brought by the plaintiff, Meeker County Bank, against the defendants, Austin H. Young, as receiver of Stevens & Co., and Hamlet Stevens, as surviving partner of the late firm of

Stevens & Co., to have it determined and adjudged that Young, as receiver, holds the south half of the southwest quarter of section ten, (10,) in township one hundred and nineteen (119) north, of range thirty (30) west, in Meeker County, in trust for the plaintiff, and that he be directed to convey it to plaintiff within a fixed time, or, in case of his refusal to do so, that the decree stand in lieu of such conveyance. To the complaint, which is stated in the opinion, the defendant Young, as receiver, demurred, on the ground that it did not state facts sufficient to constitute a cause of action against him. The demurrer was overruled, and he appealed.

*A. H. Young,* and *Frank M. Nye,* for appellant.

By the foreclosure sale, the debt, before it was assigned to the bank, had been fully paid and extinguished. 1 Jones, Mort. § 953; *Hood* v. *Adams,* 124 Mass. 481; *Dick* v. *Moon,* 26 Minn. 309; *Tinkcom* v. *Lewis,* 21 Minn. 132; *Berthold* v. *Holman,* 12 Minn. 335, (Gil. 221;) *Pioneer Sav. & L. Co.* v. *Farnham,* 50 Minn. 315. After the foreclosure the notes and mortgage were of no more force than blank pieces of paper. Therefore plaintiff received from Branham no security for its loan. The fact alleged in the complaint that plaintiff did not know the mortgage had been foreclosed, is conclusive that there was no intention to assign the certificate of sale, or to have Branham execute a deed to the land to plaintiff. The agreement made created, therefore, no trust in the property.

*U. L. Lamprey,* and *H. C. James,* for respondent.

Appellant's whole argument is based on the theory that the debt of Chevre to Branham, and the mortgage securing it, had been paid and satisfied by the foreclosure sale. This is not the law. The purchaser at a foreclosure sale has no title to the land until the time for redemption expires. Until then his claim is no more than it was before; merely a lien on the land, security for his debt; except that a time has been fixed, after which he acquires title to the property if not redeemed. *Standish* v. *Vosburg,* 27 Minn. 175; *Buchanan* v. *Reid,* 43 Minn. 172. So it is held that before redemption, a pur-

chaser at a foreclosure sale is a "creditor having a lien," and not an "assign." *Pamperin* v. *Scanlan*, 28 Minn. 345; *Parke* v. *Hush*, 29 Minn. 434. Hence we submit that the law of this state is, that the sale made by Branham did not discharge or extinguish the mortgage debt. Chevre was still indebted to Branham, and the mortgage, or the certificate of sale, was still security for the debt. Branham assigned the debt to the plaintiff, and the securities, whatever they were, went with it. *Hill* v. *Edwards*, 11 Minn. 22, (Gil. 5;) *Humphrey* v. *Buisson*, 19 Minn. 221, (Gil. 182;) *Lahmers* v. *Schmidt*, 35 Minn. 434; *Harbord* v. *Cooper*, 43 Minn. 466.

Branham would be estopped, and appellant stands in his shoes, to claim anything different from the showings and representations he made when he got the money from plaintiff. Edwards, Bills, § 289; *Delaware Bank* v. *Jarvis*, 20 N. Y. 226; *Downer* v. *Read*, 17 Minn. 493, (Gil. 470;) *Tousley* v. *Board of Education*, 39 Minn. 419; *Stevens* v. *Ludlum*, 46 Minn. 160.

COLLINS, J. From the allegations of the complaint herein it appears that defendant Young is the receiver of the insolvent firm of Stevens & Co., of which one Branham was a member. Plaintiff bank loaned money to Branham, really for the use and benefit of said firm; and as security he indorsed and placed in plaintiff's hands three negotiable promissory notes, made by one Chevre, payable to Branham's order, secured by a real-estate mortgage, which fact appeared on the face of the notes. It was represented by Branham, and understood by both parties at the time, that the indorsement and transfer of the notes would carry and convey the mortgage security to the indorsee; but it was agreed that thereafter the mortgagee, Branham, should execute and deliver such legal transfer or assignment of the mortgage as plaintiff might require. A formal assignment was afterwards demanded, but was not obtained. The fact was—the plaintiff being ignorant of it—that the mortgage had been foreclosed some six months prior to the hypothecation of the notes, and the mortgaged premises had been bid in at the foreclosure sale by Branham for the full amount of the debt thereby secured. The latter died soon afterwards. There was no redemption from the

sale, and the legal title to the premises then vested in his heirs at law, against whom this defendant, as receiver, brought an action, in which it was duly determined and adjudged that the Chevre notes and mortgage were the property and assets of the firm of which Branham had been a member; that they had been obtained and held by him for the use and benefit of the firm, and, as between the parties to that action, the property acquired by means of the foreclosure had passed to this defendant Young, as receiver. The present action was brought against him and the surviving member of the insolvent firm to have it determined and adjudged that said real property is held in trust by the receiver for the use and benefit of plaintiff bank, and that within a reasonable time he grant and convey it to plaintiff in fee, and as its property. The value of the same, as set forth in the complaint, is less than the amount of plaintiff's claim.

Appellants' counsel concede that the mortgage was only incident to the debt thereby secured, and evidenced by the promissory notes, and that a transfer of the debt carried with it the benefit of all securities. They admit, therefore, that, had there been no foreclosure by a sale of the mortgaged premises, the indorsement and transfer of the notes would have equitably assigned all securities held by Branham for their payment. Their contention is, however, that the notes had been satisfied and the mortgage extinguished by the foreclosure sale, when the former were indorsed and transferred, and hence that the well-recognized rules above mentioned in respect to the transfer of securities on an assignment of the debt have no application. To put it very plainly, their position is that Branham (and, of course, as receiver, the appellant stands in his shoes) could unintentionally or willfully misrepresent the *status* of the notes and mortgage to plaintiff for the purpose of procuring a loan thereon, and, when plaintiff attempted to avail itself of its supposed security, be permitted to take advantage of his own wrongful act by asserting that because of the foreclosure, in which he obtained a sheriff's certificate of sale, prior to the pretended transfer of the debt by an indorsement of the evidence thereof, such transfer did not carry with it such security for its ultimate payment, without regard to its form or nature. If this view were adopted, Branham could have sold the notes, and

have assigned the mortgage outright, receiving their full value; and also have appropriated to his own use the money paid in redemption, had redemption been made. Or, in case of a failure to redeem, as was the fact in this instance, his title to the mortgaged premises would have become absolute.

When Branham indorsed the notes he engaged that they were valid, subsisting obligations, binding on the maker. He, if alive, could not be allowed to assert to the contrary; nor can his representative, the receiver. He also affirmed and represented that they were secured by a mortgage upon real property which passed with a transfer of the notes, and, relying upon these affirmations and representations, the plaintiff accepted the notes and parted with its money. They cannot now be contradicted by one who occupies the same position as the person who made them. The receiver is estopped, as would be Branham, from declaring them untrue.

But the determination that the order made below must be affirmed need not be placed upon the ground of equitable estoppel. It was the debt and the security therefor which were pledged to the plaintiff, of which the notes and mortgage were simply the evidences. The plaintiff and Branham contracted with reference to the substance, and not the evidences of it as they existed in some particular form; and while, by reason of the foreclosure, the subject of their contract had assumed a different form from what they had in mind, in substance it had not changed. As between plaintiff and Branham, the debt remained, notwithstanding the mortgaged premises had been sold for the full amount thereof; and the land was still security for its ultimate payment. Upon the plainest principles of equity the plaintiff is entitled to hold the security for which it contracted, although it exists in a different form. Its right, however, goes to the extent of its lien only. If the property is of greater value than the amount of plaintiff's claim, the court below can properly protect the receiver's interest when finally passing upon the merits.

Order affirmed.

(Opinion published 53 N. W. Rep. 630.)